UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| VICTOR MARTINEZ-ARELLANO, | ) | |
| | ) | |
| *Petitioner*, | ) | Case No. 1:10-CR-59; 1:13-CV-201 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner Victor Martinez-Arellano's motion to set aside, vacate, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 220.) For the reasons stated hereafter, Petitioner's motion will be **DENIED**.

### I. BACKGROUND

On April 6, 2010, Petitioner and four other individuals were arrested following the controlled delivery of a truckload of marijuana to a car wash in Chattanooga, Tennessee. (Doc. 217, at 1.) In a two-count indictment, Petitioner and four co-defendants were charged with: (1) conspiracy to distribute one hundred kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846; and (2) aiding and abetting in attempting to possess with intent to distribute one hundred kilograms or more of marijuana in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 846. (Doc. 31, at 1–3.)

Only Petitioner proceeded to trial, and, on January 26, 2011, a jury found Petitioner guilty as to Count I of the indictment, but not guilty as to Count II. (Doc. 149, at 1–3.) The Court later sentenced Petitioner to 63 months imprisonment. (Doc. 201, at 2.) Petitioner

appealed his conviction to the United States Court of Appeals for the Sixth Circuit challenging the sufficiency of the evidence presented to support his conspiracy conviction. (Doc. 217, at 2.) Holding that the evidence was sufficient to support his conspiracy conviction, the Sixth Circuit affirmed the jury's guilty verdict as to Count I of the indictment. (*Id*. at 4.)

In the present motion, Petitioner requests that the Court vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. 220.) As the basis for his motion, Petitioner argues he received ineffective assistance of counsel because counsel: (1) "acted as an agent for the prosecution to forcefully collect[] incriminating evidence from Petitioner"; (2) "failed to call [a] material witness for the defense, despite repeated requests from Petitioner"; (3) "failed to impeach three of government [sic] star witnesses' testimonies when they committed perjury on the stand"; (4) "failed to request [an] 'informant instruction' where one informant was paid for his testimony"; and (5) "fail[ed] to include questions given by Petitioner in [counsel's] cross-examination of the testifying codefendants." (Doc. 220, at 1.) Petitioner also argues the Court should vacate his sentence because the Government engaged in prosecutorial misconduct, the Court gave an improper jury instruction, and the Court attributed the wrong quantity of marijuana to him at sentencing.

## II. STANDARD OF LAW

A prisoner in federal custody may file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Relief under § 2255 is limited, however, to: (1) errors involving lack of jurisdiction; (2)

2

Case 1:10-cr-00059-TRM-CHS   Document 233   Filed 08/25/16   Page 2 of 10   PageID #: 1205

constitutional violations; and (3) those nonconstitutional errors that constitute "fundamental defect[s] which inherently result[] in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 349, 354 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. *See Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the proceedings unfair and the result unreliable. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In assessing counsel's performance, a court must presume that counsel's questioned actions might have been sound strategic decisions and must evaluate the alleged errors or omissions from counsel's perspective at the time the conduct occurred and under the circumstances of the particular case. *Id.* at 689. Only when the challenged actions are "outside the range of professionally competent assistance" will counsel's performance be considered constitutionally deficient. *Id*. at 690. To demonstrate prejudice, a petitioner must show "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Id.* at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000).

## III.   ANALYSIS

### A. Ineffective Assistance of Counsel

Petitioner first argues he received ineffective assistance of counsel because his attorney convinced him to sign a stipulation as to the drug quantity recovered from the controlled delivery. Petitioner argues that he did not want to sign this stipulation and that, without the stipulation, the Government could not prove its case against him. The stipulation at issue provides:

> The parties in this matter, the United States of America and the defendant Victor Martinez-Arrellano hereby agree and stipulate that the substance recovered, a photograph of which is attached (Exhibit 1A) in the above-styled case was 100 kilograms or more of marijuana. The parties further stipulate that the official forensic chemistry report setting out these facts is admitted as Government's Exhibit 1B.

(Doc. 176, at 58–59.)

Even assuming that Petitioner's counsel was deficient in convincing him to sign the stipulation and allowing the stipulation to be presented at trial, Petitioner's argument fails because other evidence submitted at trial shows that the drug quantity recovered from the controlled buy was 100 kilograms or more of marijuana. Marco Uribe, Jr., an individual who assisted law enforcement in executing the controlled buy, testified that the truckload of marijuana delivered to the carwash on April 6, 2010, was approximately 854 pounds of marijuana, which is equivalent to approximately 387 kilograms. (Doc. 175, at 79.) Based on this evidence, even in the absence of the stipulation, a jury could have concluded that the quantity of marijuana recovered from the controlled buy exceeded one hundred kilograms of

4

marijuana. Accordingly, Petitioner has failed to demonstrate that counsel's allegedly deficient performance prejudiced him such that the result of the trial would have been different.[1]

Petitioner next argues that he received ineffective assistance of counsel because his attorney failed to call material witnesses. At trial, co-defendant Toriq Johnson testified against Petitioner. Petitioner contends he received ineffective assistance because his counsel refused to call Johnathan Stafford as a witness to impeach Johnson's testimony. According to Petitioner, Stafford overhead Johnson and another co-defendant saying they were going to testify against Petitioner to get a reduction in sentence even if it meant they had to lie. Petitioner, however, has not provided an affidavit or other evidence demonstrating that Stafford would testify in this manner. As such, there is nothing in the record to show deficient performance or any prejudice accruing from counsel's failure to call Stafford as a witness.[2] *See Tinsley v. Million,* 399 F.3d 796, 810 (6th Cir. 2005) (affirming denial of an ineffective assistance claim based on counsel's failure to call witnesses where a petitioner did not "introduce [ ] affidavits or any other evidence establishing what they would have said"). Additionally, even assuming that Stafford would have impeached Johnson's credibility if called as a witness, Petitioner has failed to demonstrate that counsel's failure to call Stafford prejudiced him such that the result of the trial would have been

---

[1] Petitioner also argues that, by obtaining the stipulation as to the drug amount recovered, the Government violated and improperly intruded on his attorney-client relationship. To the extent Petitioner argues this serves as a separate basis for setting aside or vacating his sentence, that argument fails because Petitioner cannot establish that the Government impermissibly intruded on the attorney-client relationship or that prejudice resulted. *See United States v. Moses,* 337 F. App'x 443, 448 (6th Cir. 2009). First, the Court finds that obtaining a stipulation as to the drug amount recovered is not an intrusion on the attorney-client relationship. Second, as discussed above, the Government provided other evidence of the drug amount at trial. Accordingly, even in the absence of the stipulation, a jury could have concluded that the quantity of marijuana recovered from the controlled buy exceeded one hundred kilograms of marijuana.

[2] Petitioner has submitted his own affidavit, but it only states "[c]ounsel refused to call witness (Wesley Stafford) and another individual subpoenaed by him to prove 'motive' (for Toriq's testimony) and alibi for Rafael Mora-Perez's statement, respectively." (Doc. 220-2, at 1–2.)

different. Indeed, testimony elicited from other witnesses, including testimony from an individual who assisted law enforcement in executing the controlled buy, and evidence presented at trial, including video surveillance, was sufficient for a jury to conclude that Petitioner was guilty of conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Petitioner also argues that he received ineffective assistance of counsel because his counsel failed to call as a witness the agent who transported the marijuana used in the controlled buy from Texas to Tennessee. Petitioner asserts that his counsel should have called this agent as a witness because he was "fired due to his misconduct and mishandling of a load of marijuana that was lost in North Carolina." (Doc. 220, at 12.) In support of this argument, Petitioner cites to an e-mail between his counsel and the Government in which the Government disclosed that the agent put in a false or misleading statement in order to procure a search of a business in Texas and that drugs used in a controlled delivery in an unrelated case involving the agent were lost in North Carolina. (Doc. 220-1, at 1–2.)

Again, however, Petitioner has failed to demonstrate that counsel rendered deficient assistance or that he was prejudiced by counsel's failure to call the agent as a witness at trial. Even assuming the agent would have admitted to misconduct in another unrelated case, Petitioner has not identified how the agent's testimony would have changed the outcome of his trial. *Millender v. Adams*, 376 F.3d 520, 527 (6th Cir. 2004) ("A defense counsel has no obligation to call or even interview a witness whose testimony would not have exculpated the defendant.") Accordingly, Petitioner has failed to demonstrate that his counsel's failure to call the agent as a witness was outside the range of professionally competent assistance or that there was a reasonable probability that, but for counsel's failure to call the agent, the result of the trial would have been different.

6

Petitioner next argues that he received ineffective assistance because his counsel failed to point out inconsistencies in testimony from co-defendants. Specifically, Petitioner takes issue with testimony elicited from co-defendant Armando Isaola in which Isaola testified that he was going to meet Petitioner at the car wash, but later testified that he picked up Petitioner and took him to the car wash. Petitioner also takes issue with co-defendant Johnson's testimony because he testified that his brother was not involved in the controlled buy, but video evidence and his brother's guilty plea demonstrated that his brother was involved. Effectively, Petitioner contends his counsel was ineffective because he failed to sufficiently attack the credibility of his co-defendants' testimony during cross-examination. Counsel's decisions regarding questioning of witnesses, however, are matters of trial strategy and, thus, are "effectively insulated" from review in the context of a motion made pursuant to 28 U.S.C. § 2255. *Hurley v. United States*, 10 F. App'x 257, 260 (6th Cir. 2001). Accordingly, Petitioner has failed to demonstrate that counsel's alleged failure to highlight inconsistencies in testimony prejudiced him such that the outcome of his trial would have been different.

Next, Petitioner contends that he received ineffective assistance of counsel because his attorney failed to request that a "paid informant instruction" be included in the jury charge as it related to Marco Uribe's testimony. Even if counsel was deficient in not requesting a paid informant instruction, Petitioner has not demonstrated that prejudice resulted. First, Uribe testified that he was a paid informant. (Doc. 175, at 108–109.) More importantly, during the jury charge, the Court included the following instruction:

> As I told you at the beginning of the trial, an important part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything a witness said, or only part of it, or none of it at all, but you should act reasonably and carefully in making these decisions.

7

. . .

> Ask yourself if the witness had any relationship to the government or to the defendant or anything to gain or lose from the case which might influence the witness's testimony. Ask yourself if the witness had any bias or prejudice or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(Doc. 176, at 81.) Given the Court's inclusion of this instruction in the jury charge, Petitioner has failed to demonstrate that counsel's failure to request a paid informant instruction prejudiced him such that the outcome of his trial would have been different.

Petitioner also argues that he received ineffective assistance of counsel because his attorney failed to ask questions that Petitioner provided during cross-examinations. Specifically, Petitioner takes issue with his attorney's failure to use questions he provided during the examination of co-defendant Rafael Mora-Perez. However, as discussed above, counsel's decisions regarding questioning of witnesses, however, are matters of trial strategy and, thus, are "effectively insulated" from review in the context of a motion made pursuant to 28 U.S.C. § 2255. *Hurley*, 10 F. App'x at 260. Moreover, review of the trial transcript reveals that counsel's examination of Mora-Perez (also referred to as "Lasaro Rosas") was thorough and did not fall below an objectively reasonable standard. (*See* Doc. 176, at 24–34.) Accordingly, Petitioner has failed to demonstrate that his counsel's assistance was deficient or that the result of the trial would have been different if his attorney asked the questions he provided.

Finally, Petitioner argues that his counsel's performance was not objectively reasonable because he employed a trial strategy aimed at showing that Petitioner was involved in a cocaine conspiracy instead of a marijuana conspiracy. Petitioner represents that he informed counsel that he disapproved of this strategy. Although Petitioner has attached a letter from his counsel indicating that counsel was considering employing this strategy, review of the trial transcript reveals that Petitioner's counsel did not actually employ this strategy at trial. Accordingly,

8

Petitioner has not demonstrated that his counsel was deficient or that counsel's conduct prejudiced him such that the outcome of his trial would have been different.

### B. Other Grounds For Relief

In addition to claims of ineffective assistance of counsel, Petitioner argues that his sentence should be set aside or vacated because: (1) the Government engaged in prosecutorial misconduct by misrepresenting evidence during closing arguments; (2) the Court gave improper jury instructions; and (3) the Court attributed an incorrect quantity of marijuana to him at sentencing. Petitioner did not, however, assert any of these arguments on direct appeal. (*See* Doc. 217.) As such, these arguments are procedurally defaulted and may only be raised in a § 2255 motion if Petitioner can establish: (1) cause to excuse his failure to raise the claim on direct appeal; and (2) actual prejudice. *See Bousley v. United States*, 523 U.S. 614, 621–22 (1998) ("Where defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'") (internal citations omitted). In this case, Petitioner has made no showing of cause and prejudice and, thus, is foreclosed from raising these arguments in a § 2255 motion.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's motion to set aside, vacate, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 220) is hereby **DENIED**.

Additionally, pursuant to 28 U.S.C. § 2253(c)(2), the Court must also determine whether to grant a certificate of appealability. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As a general rule, the Sixth Circuit disapproves of blanket denials of certificates of appealability. *See Murphy*

*v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standard set forth by *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Under *Slack*, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a certificate. 529 U.S. at 484. After reviewing each of Petitioner's claims in detail, the Court finds that reasonable jurists could not conclude that Petitioner's claims deserve further review. Therefore, because Petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

**A SEPARATE ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**